**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03412 JAK (RZx) | Date | July 25, 2014 |
| Title | U.S. Bank Trust, N.A. v. Albert Dossman, Jr. et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT   JS-6

On March 9, 2014, U.S. Bank Trust, N.A. ("Plaintiff") filed an Unlawful Detainer action in the Los Angeles County Superior Court in which Albert Dossman, Jr., Cerise Dossman, and DOES 1-6 (collectively, "Defendants") were named as defendants. Dkt. 1. Plaintiff contends that, on February 18, 2014, it purchased the property located at 5166 East 25th Street, Long Beach, CA 90815 (the "Property") at a non-judicial foreclosure sale. Dkt. 6-1, at 2. Defendants resided in the Property at that time. Plaintiff contends that, on March 13, 2014, it served Defendants with a "3-Day Quit" notice pursuant to Cal. Code Civ. Proc. § 1162 *Id*. Plaintiff argues that Defendants were obligated to vacate the Property in response to that notice, but did not do so, and that they remain in possession of the Property. *Id.* After a hearing was scheduled by the Superior Court with respect to these issues, on May 2, 2014, Defendants removed the action to this Court. Dkt. 1. On June 9, 2014, Plaintiff filed a Motion to Remand (the "Motion"). Dkt. 6.[1]

This is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party removing the case bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Defendants contend that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(a). Dkt. 1, at 2.   For the reasons set forth below, a review of the pleadings in this matter shows that there is no federal jurisdiction over this action.

*First,* 28 U.S.C. § 1331 provides that federal courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (internal quotations and citations omitted). Here, Plaintiff's complaint does not present any cause of action that arises under federal law. Unlawful Detainer actions, which concern the right to the possession of real property, arise

---

[1] Defendant did not file an Opposition to the Motion.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03412 JAK (RZx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | U.S. Bank Trust, N.A. v. Albert Dossman, Jr. et al. | | |

under state law. Cal. Code. Civ. P. § 1161(a).

*Second,* there is no diversity jurisdiction. Diversity jurisdiction may be established when a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir.1996). Here, the face of the Unlawful Detainer complaint seeks damages of "less than $10,000." Dkt. 1, at 31. Therefore, the amount in controversy does not meet the required amount for diversity jurisdiction. Further, 28 U.S.C. § 1441(b)(2) prohibits removal on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Defendant Albert Dossman is a citizen of California. Dkt. 1, at 20. Accordingly, even if the threshold amount for diversity jurisdiction were satisfied, there would still be no such jurisdiction.

*Third,* the Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1443. Removal under 28 U.S.C. § 1443 is proper only when the removing party can meet a two-part test: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Here, the Notice of Removal does not identify any particular statute protecting equal, racial civil rights that Defendants will seek to assert as a defense to the Unlawful Detainer action. Nor have Defendants identified any particular state statute or constitutional provision that could support an allegation that their civil rights will not be protected in the Superior Court during the course of the Unlawful Detainer proceedings. Defendants appear to contend that the general procedures that apply to non-judicial foreclosure matters have deprived them of their rights. But, this general allegation is insufficient to support removal jurisdiction pursuant to 28 U.S.C. § 1443.

Because this Court does not have jurisdiction over this Unlawful Detainer action, it is REMANDED to the Los Angeles County Superior Court, Governor George Deukmejian Courthouse, Case No. 14F02535. All future dates set in this matter are VACATED.

**IT IS SO ORDERED.**

: 

Initials of Preparer    ak